LEMMON, Judge
(concurs).
I reach the same result from a slightly different approach,
This suit asserts a claim for return of a damage deposit which plaintiff knew was not due. Although plaintiff informed his lawyer that he had moved from the apartment in June, he knew that he had moved on July 11 or 12 and that the rent had been paid only through July 1. Therefore, plaintiff’s institution of this litigation was not based on a good faith dispute over whether the deposit should be returned, but rather was based on a technical non-compliance with the statutory requirement of a written itemized statement accounting for the retained deposit. Such a demand pokes fun at the legislative statute and at the judicial process.
Under all the circumstances of this case (one circumstance being that defendant furnished a verbal explanation to plaintiff and his lawyer), plaintiff is not entitled to statutory damage for technical non-compliance with the statute. Indeed, the circumstances of this case justify condemning plaintiff to pay costs and attorney’s fees under R.S. 9:3252.